

05-CV-01817-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHN KURTZ,<br><br>Plaintiff,<br><br>v.<br><br>CAPGEMINI AMERICA, INC. and GCI, INC,<br><br>Defendants. | NO. CV5 1817T<br><br>COMPLAINT FOR FAILURE TO PAY WAGES, RECISSION AND FOR COPYRIGHT VIOLATION AND JURY DEMAND |

For his complaint plaintiff John Kurtz alleges as follows:

## JURISDICTION AND VENUE

1. This complaint raises claims of copyright violation within the exclusive original jurisdiction of this court pursuant to 28 U.S.C. § 1338, as well as claims under the laws of the State of Washington that are within this court's pendent jurisdiction.

2. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1400 because defendant GCI, Inc. may be found here.

COMPLAINT FOR FAILURE TO PAY
OVERTIME COMPENSATION
AND JURY DEMAND - 1



HELSELL
FETTERMAN

1001 Fourth Avenue, Suite 4200
P.O. Box 21846/Seattle, WA 98111-3846
(206) 292-1144

3. Plaintiff John Kurtz resides in Snohomish County, Washington.

4. Defendant Capgemini America, Inc. ("Capgemini") is a foreign corporation doing business in King County Washington.

5. Defendant GCI, Inc. ("GCI") is a foreign corporation doing business in King County, Washington.

6. Caaspre Technologies, LLC ("Caaspre") is or was a foreign company. On information or belief, Caaspre is now insolvent or otherwise out of business. Caaspre is not now nor has it ever been registered to do business in Washington.

## FACTUAL ALLEGATIONS

7. In March 2005 an authorized agent of Capgemini interviewed Kurtz for a position designing and drafting software for use by GCI. Kurtz applied for the interview in response to a solicitation from Caaspre.

8. After the interview, an authorized agent of Capgemini informed Kurtz he would be hired for the job and that he would be employed by Caaspre. He was to be paid $40 per hour, plus $4 per hour for the use of his laptop computer, plus he was to be reimbursed for travel expenses.

9. Kurtz has never met any agent of Caaspre other than individuals who were employed by Capgemini.

10. Kurtz began work in the offices of GCI planning and drafting software for GCI. He was supervised by authorized agents of Capgemini. An authorized agent of Capgemini approved Kurtz's time reports for payment.

COMPLAINT FOR FAILURE TO PAY
OVERTIME COMPENSATION
AND JURY DEMAND - 2



HELSELL FETTERMAN
1001 Fourth Avenue, Suite 4200
P.O. Box 21846/Seattle, WA 98111-3846
(206) 292-1144

11. Kurtz received one paycheck from Caaspre, and then payments stopped.

12. When his second paycheck was overdue, Kurtz informed his Capgemini supervisors that he would stop work because he was not being paid. His Capgemini supervisors told him to keep working and that they would see that he was paid.

13. Capgemini was Kurtz's de facto employer.

14. Kurtz has not been paid wages for work he performed between March 21, 2005 and April 24, 2005, nor for his laptop rental from March 7, 2005 through April 24, 2005. During that period he worked 45 hours per week. He is owed $9,000 is wages and $1080 in fees for the rental of his laptop. He also paid $1,317.74 to travel to Alaska in connection with his work and has not been reimbursed for this expense.

15. The failure to pay wages and other compensation to Kurtz is willful.

16. From the beginning of his work through April 15, Kurtz planned, designed and wrote computer software titled "Calling Card" and he wrote the documentation for Calling Card.

17. Kurtz wrote Calling Card and its documentation with the understanding that the he was transferring his copyright to his employer in exchange for the payment of his wages and other expenses. The failure to pay his wages is a material breach of his employment contract.

COMPLAINT FOR FAILURE TO PAY
OVERTIME COMPENSATION
AND JURY DEMAND - 3



HELSELL FETTERMAN
1001 Fourth Avenue, Suite 4200
P.O. Box 21846/Seattle, WA 98111-3846
(206) 292-1144

18.   On information and belief, Caaspre and Capgemini have assigned whatever copyright they may have had to Calling Card and its documentation to GCI.

19.   GCI is using Calling Card and its documentation, has copied Calling Card and its documentation, and intends to do so in the future. Kurtz has not licensed Calling Card or its documentation to GCI.

20.   Kurtz's work for the Caaspre and Capgemini has concluded.

### CLAIMS

21.   Capgemini is liable to Kurtz for his wages, laptop rental, and expenses as his employer. It is also liable for Kurtz's fees and costs pursuant to RCW 49.48.030.

22.   Capgemini is Caaspre's agent for the payment of Kurtz's wages.

23.   Pursuant to RCW 49.52.070, Capgemini is liable to Kurtz for twice the amount owing Kurtz as a result of its and Caaspre's willful failure to pay Kurtz's wages. Capgemini is also liable for the costs and attorneys fees Kurtz will incur in bringing this action.

24.   Capgemini implicitly guaranteed payment of Kurtz's wages and expenses and is liable therefore as a guarantor.

25.   In reliance on Capgemini's representations that it would assure Kurtz's payment, Kurtz continued to work on the software project described above. Capgemini is estopped to deny an obligation to pay Kurtz his wages and other compensation.

COMPLAINT FOR FAILURE TO PAY
OVERTIME COMPENSATION
AND JURY DEMAND - 4



HELSELL
FETTERMAN

1001 Fourth Avenue, Suite 4200
P.O. Box 21846/Seattle, WA 98111-3846
(206) 292-1144

26. In the alternative, Kurtz elects to rescind his agreement to transfer his copyright to his employer because of the employer's material breach of the employment contract. He stands ready to return the two weeks wages he been has paid in exchange for the return of his copyright, and he demands restitution of his copyright interest in Calling Card and its documentation.

27. As a result of the failure of consideration, Kurtz retains all copyright interests in Calling Card and its documentation. GCI's use and reproduction of the software infringes on Kurtz's copyright and causes him irreparable harm.

## JURY DEMAND

28. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, plaintiff John Kurtz prays for relief against as follows:

1. For damages in an amount to be proven at trial against Capgemini;

2. For such damages to be doubled;

3. For interest, costs and attorneys fees from Capgemini;

4. In the alternative, for restitution of his copyright to the Calling Card software and its documentation, for an order enjoining GCI from using the same, and for damages from GCI for infringement in an amount to be proven at trial; and

COMPLAINT FOR FAILURE TO PAY
OVERTIME COMPENSATION
AND JURY DEMAND - 5



HELSELL
FETTERMAN

1001 Fourth Avenue, Suite 4200
P.O. Box 21846/Seattle, WA 98111-3846
(206) 292-1144

5. For such additional relief as the court deems just.

DATED this 2nd day of November, 2005.

HELSELL FETTERMAN LLP

By _____
Bradley H. Bagshaw, WSBA #11729
Attorneys for Plaintiff

COMPLAINT FOR FAILURE TO PAY
OVERTIME COMPENSATION
AND JURY DEMAND - 6



HELSELL FETTERMAN

1001 Fourth Avenue, Suite 4200
P.O. Box 21846/Seattle, WA 98111-3846
(206) 292-1144