UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN KURTZ,

           Plaintiff,

   v.

CAPGEMINI AMERICA, INC., et al.,

           Defendants.

CASE NO. C05-1817JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") (Dkt. # 12). After reviewing the motion together with all papers filed in support and in opposition thereof, the court GRANTS Defendants' motion to dismiss without prejudice.

## II. BACKGROUND & ANALYSIS

On November 2, 2005, Plaintiff John Kurtz filed a complaint against Defendants Capgemini America, Inc. ("Capgemini") and GCI Communication Corp. ("GCI"), alleging copyright infringement and a state law claim for breach of contract or recission of that contract. At the time of filing, Mr. Kurtz had not yet registered his copyright with the United States Copyright Office. Mr. Kurtz contends that he subsequently submitted his application in late December of 2005.

ORDER - 1

Rule 12(b)(1) requires a court to dismiss a claim if the court lacks subject matter jurisdiction over it. Under the Copyright Act of 1976 ("the Act") a plaintiff may not "institute[]" an action in federal district court "until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Some district courts within the Ninth Circuit conclude that a pending registration is sufficient to confer federal jurisdiction, while others construe section 411(a) as requiring issuance of an actual registration certificate from the Copyright Office as a prerequisite to bringing suit. Compare Dielsi v. Falk, 916 F. Supp. 985, 994 n.6 (C.D. Cal. 1996) with Loree Rodkin Management Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053, 1056-57 (C.D. Cal. 2004) and Corbis Corporation v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1112-13 (W.D. Wash. 2004).[1] The latter authority construes section 411(a) together with section 410(a) of the Act, which requires the Register of Copyrights to both register a claim *and* issue a certificate "[w]hen, after examination, [she] determines that . . . the material deposited constitutes copyrightable subject matter . . . ." 17 U.S.C. § 410(a). Under this construction, the Register of Copyrights must examine and approve a copyright claim before it is "registered" under the Act. Corbus, 351 F. Supp.2d at 1112; Loree, 315 F. Supp. 2d at 1055.

The court adopts Chief Judge Lasnik's reasoning in Corbus and holds that it lacks subject matter jurisdiction over Mr. Kurtz's copyright claim because at the time of commencement, Mr. Kurtz did not possess a certificate of registration from the Copyright Office. Indeed, Mr. Kurtz did not submit his application until late December of 2005.

---

[1] Mr. Kurtz contends that the Ninth Circuit decision of Roth Greeting Cards v. United Greeting Cards, 429 F.2d 1106 (9th Cir. 1970), applies. The court disagrees. Roth interprets the jurisdictional provision of the 1909 Copyright Act, which contains distinguishable language from the statutory provision at issue and which lacks an analogous provision to section 410(a) of the current Act. See Loree, 315 F. Supp. 2d at 1054 n.1.

ORDER - 2

Only those who have "applied and obtained registration and those who have applied and failed" have the right to file suit in federal court. Corbus, 351 F. Supp. 2d at 1113. Although the court is sympathetic to Mr. Kurtz's judicial economy argument (given the likelihood that he will simply refile his suit in a matter of months), the court is not free to rewrite the text of the Act to make gains in efficiency. See Loree, 315 F. Supp. 2d at 1055 (while dismissal may be "inefficient and peculiar, "the Court is not free to redraft statutes to make them more sensible or just.") (internal citations omitted). Likewise, the court has no power to stay this matter in order for Mr. Kurtz to satisfy the jurisdictional prerequisite.

Lastly, because the court dismisses Mr. Kurtz's federal claim on jurisdictional grounds, it must also dismiss Mr. Kurtz's remaining claims arising under state law. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) ("if the court dismisses for lack of subject matter jurisdiction, it has no discretion to hear and must dismiss all claims."); see also Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1249-50 (6th Cir. 1996) ("A Rule 12(b)(1) dismissal postulates that there never was a valid federal claim. Exercise of jurisdiction on a theory of supplemental jurisdiction would therefore violate Article III of the Constitution . . . .").

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction without prejudice (Dkt. # 12). The court STRIKES as moot Plaintiff's motion to amend his complaint (Dkt. # 13).

Dated this 30th day of January, 2006.

JAMES L. ROBART
United States District Judge

ORDER - 3